STATE OF NEW JERSEY, BY THE COMMISSIONER OF TRANS-
PORTATION, PLAINTIFF–RESPONDENT, v. HESS REALTY
CORPORATION, A CORPORATION OF DELAWARE, DEFEN-
DANT–RESPONDENT, AND STATE OF NEW JERSEY AND
THE BOROUGH OF RIVERDALE, IN THE COUNTY OF MOR-
RIS, A MUNICIPAL CORPORATION OF NEW JERSEY, DE-
FENDANTS.

GREG'S HESS STATION, INC., A NEW JERSEY CORPORATION,
DEFENDANT AND THIRD–PARTY PLAINTIFF–APPELLANT,
v. AMERADA HESS CORPORATION, A DELAWARE CORPO-
RATION, THIRD–PARTY DEFENDANT–RESPONDENT.

Argued April 25, 1989—Decided May 25, 1989.

*Jeffrey P. Clemente* argued the cause for appellant (*Clemente, Strenk & Kiernan,* attorneys; *Jeffrey P. Clemente* and *Roger W. Orlando,* of counsel and on the brief).

*John J. Reilly,* Deputy Attorney General, argued the cause for respondent State of New Jersey, etc. (*Peter N. Perretti, Jr.,* Attorney General of New Jersey, attorney; *James J. Ciancia,* former Assistant Attorney General, of counsel).

· *Marvin J. Brauth* argued the cause for respondents Hess Realty Corporation and Amerada Hess Corporation (*Wilentz, Goldman & Spitzer,* attorneys; *Marvin J. Brauth* and *Kenneth M. Denti,* on the brief).

PER CURIAM.

The judgment is affirmed, substantially for the reasons set forth in the majority opinion of the Appellate Division, 226 *N.J.Super.* 256 (1988). The issue on the appeal, as circumscribed by the dissent below, is whether the condemnation award included any compensation to the franchisor "based upon any loss of the business opportunity or goodwill" within the meaning of the Federal Petroleum Marketing Practices Act, 15 *U.S.C.A.* § 2802(d)(1); and if so, whether the waiver clause should be stricken as unconscionable.

Although the question of the franchise-holder's waiver of any right to participate in allocation proceedings to obtain a share of the condemnation award was adverted to in the briefs and in both opinions below, see 226 *N.J.Super.* at 263, and *id.* at 266 (Dreier, J.A.D., dissenting), our affirmance need not be taken as endorsement of the Appellate Division majority's characterization of the waiver clause as "bargained for." The appeal essentially presents a frontal attack on the law denying a franchisee the right to participate in the award. Despite appellant's thoroughly-researched briefs and lucid arguments, we

remain unpersuaded that any portion of the condemnation award included payment for loss of business opportunity or goodwill, nor are we moved to alter the law on that question as expounded in such cases as *Jersey City Redevelopment Agency v. Exxon Corporation,* 208 *N.J.Super.* 53 (App.Div.1986).

Judgment affirmed. No costs.

*For affirmance* —Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—6.

*For reversal* —None.